IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RICK HAAS**, | Case Number 5:12 CV 692 |
| Petitioner, | Judge Jeffrey J. Helmick |
| v. | REPORT AND RECOMMENDATION |
| **TERRY TIBBALS, Warden** | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

This is an action initiated by *pro se* Petitioner Rick Haas, a prisoner in state custody, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Terry Tibbals filed a Return of Writ (Doc. 5) with attached exhibits (Docs. 5-1; 5-2; 5-3; 5-4). Petitioner responded to the Return of Writ (Doc. 6) and Respondent replied (Doc. 7). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated June 11, 2012). For the reasons discussed below, the undersigned recommends the Petition be denied and dismissed.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Ohio's Eleventh District Court of Appeals

set forth the following findings of fact:

> {¶2} The matter proceeded to a bench trial on August 13, 2009. At trial, Mr. Darlin Liston testified that he noticed two individuals approach the home of his neighbor, Mr. Norman Cable, and knock on the door. Upon investigation, Mr. Liston noticed Mr. Cable's basement window was broken, and a "nail bar" was lying amongst the broken glass. Mr. Liston testified that he returned home and tried to telephone Mr. Cable, who was attending a meeting in Cuyahoga Falls. Mr. Liston then called the police. Mr. Liston returned to his neighbor's home and testified that he saw two people--a man, later identified as Rick Haas, and a woman, later identified as Shawna Burkett–inside his neighbor's sunroom.
>
> {¶3} Officer Yoker of the Brimfield Police Department was the first to respond. Officer Yoker testified that he saw Haas and Burkett in the breezeway. He instructed both of them to surrender. Complying, Haas and Burkett lay on the ground until backup arrived. While lying on the ground, Haas informed Officer Yoker that he had a loaded gun, a semi-automatic Beretta .32 caliber handgun, in his front pocket.
>
> {¶4} Mr. Cable also testified. Mr. Cable stated that he and his wife had lived in his home since 1993. Mr. Cable indicated that he is semi-retired, but worked part-time in three different positions in local government--a part-time firefighter and EMT, and he engaged in part-time environmental work for the village of Mogadore. With regard to his work schedule, Mr. Cable stated that he will "sign up for shifts which are usually seldom more than a few days together at a time." He described his work schedule as "highly variable." Mr. Cable testified that, on this particular day, he was attending a meeting, which would have started at 9:00 a.m. and ended at 10:30 a.m. Mr. Cable stated that he would have returned to his home by late morning.
>
> {¶5}At trial, Haas and Burkett were represented by the same counsel. At the conclusion of the evidence, the trial court found Haas guilty of burglary, with a firearm specification, and of possessing criminal tools. The trial court sentenced Haas to one year in prison for the firearm specification, which was to run consecutive to the six-year term for burglary and a concurrent term of one year in prison for possessing criminal tools.

(Doc. 5-2, at 1-3).

## PROCEDURAL BACKGROUND

### State Trial Court

On April 23, 2009, a Portage County, Ohio grand jury indicted Petitioner on one second-

degree felony burglary charge with a firearm specification pursuant to Ohio Rev. Code § 2911.11(A)(2) and one fifth-degree felony possession of criminal tools charge pursuant to Ohio Rev. Code § 2923.24. (Doc. 5-3). The offenses were prosecuted in Portage County Common Pleas Court Case No. 2009 CR 229, *State v. Rick J. Haas.* Petitioner, represented by legal counsel, voluntarily waived his right to a jury trial and elected to be tried by the Court. (Doc. 5-1, at 6). After a bench trial, the trial court judge found Petitioner guilty of burglary with a firearm specification and possession of criminal tools. (Doc. 5-1, at 25). On October 1, 2009, the trial court sentenced Petitioner to a mandatory, prior and consecutive one year imprisonment for the firearm specification, six consecutive years imprisonment for the burglary conviction, and one concurrent year imprisonment for the possession of criminal tools conviction. (Doc. 5-1, at 3).

**Direct Appeal**

On October 26, 2009, through counsel, Petitioner timely filed a notice of appeal in Ohio's Eleventh District Court of Appeals. (Doc. 5-1, at 27). In his merit brief, Petitioner raised these error assignments:

1. The trial court violated Mr. Haas' right to the assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.

2. The trial court erred in failing to grant Mr. Haas' motion for judgment of acquittal on all charges, as the evidence presented was not legally sufficient to support a conviction.

3. Mr. Haas' convictions are against the manifest weight of the evidence.

4. Mr. Haas was denied his constitutional rights as guaranteed by the United States and Ohio Constitutions to effective assistance of counsel when his attorney failed to provide Mr. Haas with the conflict free representation to which he was entitled.

5. The trial court erred to the detriment of Mr. Haas when it imposed [the]

3

> sentence upon him without any review or consideration of [Ohio Rev. Code §§ 2929.11 and 2929.12].
>
> 6.    The cumulative effect of the errors committed by the trial court and by Mr. Haas' trial counsel combined to deny Mr. Haas due process and a fair trial as guaranteed by the United States and Ohio Constitutions.

(Doc. 5-1, at 28). The State filed a merit brief in response. (Doc. 5-1, at 67). The state appellate court affirmed the judgment of the trial court under Case No. 2009-P-0068 and journalized the opinion on December 20, 2010. (Doc. 5-1, at 6).

**Ohio Supreme Court Appeal**

On February 3, 2011, through counsel, Petitioner filed a timely notice of appeal in the Ohio Supreme Court. (Doc. 5-1, at 123). The only error Petitioner raised in his jurisdictional memorandum was:

> SOME PROOF OF OPERABILITY OF A FIREARM MUST BE PRESENTED BY THE STATE IN ORDER TO SUSTAIN A CONVICTION ON A FIREARM SPECIFICATION.

(Doc. 5-1, at 129). The State filed a response in opposition to Petitioner's memorandum in support of jurisdiction. (Doc. 5-1, at 149). On April 20, 2011, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question. (Doc. 5-1, at 162). Petitioner did not seek a writ of certiorari with the United States Supreme Court.

### FEDERAL HABEAS CORPUS

On March 21, 2012, Petitioner filed the instant Petition for a Writ of Habeas Corpus asserting the following ground for relief:

> **GROUND ONE**: Proof of operability of a firearm must be presented in order to

sustain a firearm specification.

**Supporting Facts**: "[Petitioner] was convicted and sentenced to a one year firearm specification when there was no evidence that the gun was operable at the time of the offense. [Petitioner] was convicted and sentenced to a one year firearm specification without the gun and ammunition ever being examined = (to inspect closely), by the jury = (finder of fact. [Petitioner] was convicted and sentenced to a one year firearm specification when there was no testimony that the gun and ammunition was operable. There was no one home. A burglary conviction is not evidence to support a firearm conviction. There were no representations or actions to prove the gun was operable. There were no implicit threats. A bullet is just one part of a round of ammunition. = (the projectile) [Petitioner] was denied DUE PROCESS and a fair trial. In this case the court misinterpreted, misused and totally disregarded the Law and how it was wrote and intended to be used to uphold a firearm conviction unlawfully. It is clear the intent of the law, using a bullet to prove operability is for when a criminal leaves evidence of the guns operability at the scene by reason of having fired the weapon. (Proof of firing the gun). Therefor when using the word bullet when proving operability the law intended it to be used as a bullet that had already been fired an expelled or propelled out of the barrel of a gun to prove the gun and ammunition was operable. Only then could the testimony to the sound of gunfire, the smell of gunpowder, bullet holes and bullets that have already been fired from a gun prove a gun is capable of firing a round of ammunition and expelling or propelling a projectile =(Bullet) by the action of a explosive or combustible propellant. Chief Blough (A veteran police chief), the only person who had the opportunity to inspect the weapon twice, testified that he did not know if the gun was operable. Past case law has been mistakenly twisted to uphold firearm convictions unlawfully. Where circumstantial evidence alone is relied on to prove an element essential to a finding of guilt, it must be consistent only with the theory of guilt and irreconcilable with any reasonable theory of innocence. If such evidence is as consistent with a theory of innocence as with a theory of guilt, the doubt must be resolved in favor of the theory of innocence. The general assembly knew the definition of bullet and ammunition when making the gun laws and that is clear in the gun laws. There are many parts of a gun and ammunition that can make them not operate. [Petitioner] never said he would use the gun nor does he have any violent or criminal past. A Berreta .32 caliper guns frame is common to break, that makes them inoperable."

(Doc. 1, at 5).

## STANDARD OF REVIEW

When the basis for a federal habeas claim has been previously adjudicated by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides the writ shall

5

not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

State trial court factual determinations are presumed correct and a petitioner must present clear and convincing evidence to the contrary in order to overcome the correctness presumption. 28 U.S.C. § 2254(e). "It is a clearly established rule that errors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in federal habeas corpus proceedings." *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). A state court decision on state law grounds, including a state court's evidentiary ruling, can only rise to the level required for habeas relief if the determination is so egregious and fundamentally unfair that it deprives a defendant of due process. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2010).

Here, Petitioner alleges his due process rights were violated because the state failed to

present sufficient evidence that the firearm in his possession was operable. A federal habeas court's province is not to reexamine state court determinations on state law questions and when reviewing a claim of evidentiary error, a habeas court must defer to the state court's interpretation of its own rules of evidence and procedure. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005).

Due process requires conviction only on proof of guilt beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 309–16 (1979) (citing *In re Winship*, 397 U.S. 358, 362-63 (l970)). The standard for sufficiency of the evidence is: "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 318-19 (emphasis in original). "[T]he *Jackson* inquiry does not focus on whether the trier of fact made the *correct* guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (emphasis in original). In examining a sufficiency claim, a habeas court can only look to "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 318. Even if the federal habeas court would not have convicted the petitioner, "it must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution", and even if a rational trier of fact could not have found a petitioner guilty, the federal habeas court still must "defer to the state appellate court's sufficiency determination so long as it is not unreasonable." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing 28 U.S.C. § 2254(d)(2)).

Thus, the Court's task in Petitioner's case is to determine whether it was objectively unreasonable for the Eleventh District Court of Appeals to conclude a rational trier of fact viewing

7

the evidence in the light most favorable to the prosecution could have found beyond a reasonable doubt that the firearm was operable.

## ANALYSIS

Petitioner's only ground for relief is that he was denied due process and a fair trial because there was insufficient evidence to establish his firearm specification enhancement. Specifically, "because proof of operability of a firearm must be presented in order to sustain a firearm specification." (Doc. 1, at 5). When Petitioner challenged the sufficiency of the firearm specification on direct appeal, Ohio's Eleventh District Court of Appeals determined his claim lacked merit and opined:

> Haas also argues that the state failed to meet its burden of proof as to the firearm specification. Specifically, Haas asserts that the state failed to prove the firearm was "capable of expelling or propelling one or more projectiles by the action or an explosive or combustible propellant [.]" [Ohio Rev. Code § 2923.11(B)(2)].
>
> Firearm, as defined in [Ohio Rev. Code § 2923.11 (B)(1)], means: "*** any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. "Firearm includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable."
>
> Haas argues that the state failed to present evidence that the firearm recovered from his person was operable. "Laboratory testing results are not the only admissible evidence that can be considered in determining whether or not a firearm was operable. Proof of operability may also be established by circumstantial evidence, which may include the actions of the individual with control over the firearm. *** Also, a trial court evaluates the evidence of a firearm's operability by examining the totality of the circumstances. *** The State need not introduce empirical evidence that the gun is operable; rather, it may establish operability through the testimony of lay witnesses who had an opportunity to observe the weapon and the surrounding circumstances. *** Furthermore, under [Ohio Rev. Code § 2923.11(B)(2)], in determining whether or not a firearm is operable, the trier of fact may rely upon circumstantial evidence, including the representations and actions of the individual exercising control over the firearm. ***." *State v. Cook, 10th Dist. Nos. 09AP-316 & 09AP-317, 2010 Ohio 2726, at P60.* (Internal citations omitted.)

> At trial, the state presented evidence that Haas had a loaded weapon in his front pocket during the commission of the burglary. The weapon was identified as a semi-automatic Beretta .32 caliber handgun. The arresting officer testified that Haas informed him of the weapon in his front pocket when apprehended. Further, Brimfield Police Chief Blough testified that upon removing the loaded weapon from Haas' front pocket, he "made it safe"; i.e., he "removed the bullet from the chamber and also the magazine." The Beretta semi-automatic handgun, magazine, and bullets were admitted into evidence. See *Cook, supra, at P62*. (Loaded weapons were recovered as a result of a traffic stop. "Because operability may be established by circumstantial evidence, at least one Ohio court has held that the recovery of a loaded weapon that is submitted into evidence with the bullets is sufficient to reasonably infer operability. See *State v. Berger (Feb. 19, 1998), 8th Dist. No. 71618, 1998 Ohio App. LEXIS 596*.") We, therefore, find that the state presented sufficient evidence to allow a rational trier of fact to infer that the firearm was operable.

(Doc. 5-1, at 9-10).

In Ohio, to sustain a firearm specification enhancement, a firearm must be operable or capable of being readily made operable. Ohio Rev. Code §2923.11(B)(1). Ohio Rev. Code § 2923.11(B)(2) explains:

> When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm.

Petitioner is not challenging the constitutionality of the statute; rather, he is claiming the evidence does not meet the state law standard of operability. However, in this case there was sufficient evidence to prove beyond a reasonable doubt Petitioner had an operable, or readily made operable, firearm on his person or under his control while he committed a burglary offense.

Petitioner was caught in the act of committing burglary. (Doc. 5-3, at 45-51). At the crime scene, Petitioner admitted to police officers that he had a loaded gun in his front pocket. (Doc. 5-3, at 47-51). Chief Blough then secured Petitioner and found a semi-automatic Beretta .32 caliber

9

handgun in his front left jacket pocket. (Doc. 5-3, at 66-67). Chief Blough removed a bullet from the chamber and a magazine with ammunition. (Doc. 5-3, at 66-67). Officer Yoker witnessed Chief Blough secure the weapon. (Doc. 5-3, at 47, 55-57, 73). The gun, magazine, and ammunition were admitted into evidence. (Doc. 5-3, at 55-57, 73); *See State v. Berger*, 1998 Ohio App. LEXIS 596, 1998 WL 72515 (Ohio Ct. App.1998) (a weapon loaded with bullets at the time it was recovered and submitted into evidence infers operability).

Petitioner argues *Berger* does not apply because the finder of fact in *Berger* examined the gun at trial while it had bullets in it. (Doc. 1-2, at 7). However here, as in *Berger*, operability was inferred when the weapon was loaded with bullets at the time it was recovered. *Berger*, 1998 Ohio App. LEXIS 596, at *6. The fact the weapon and the ammunition were separate when admitted into evidence does not negate operability. Chief Blough testified he removed a bullet from the gun at the scene of the crime. Moreover, Officer Yoker testified he witnessed Chief Blough secure the weapon, i.e., remove the magazine and ammunition from the gun. Subsequently, Chief Blough identified the same gun and ammunition which was then admitted into evidence at Petitioner's trial.

It was rational and reasonable for the trier of fact to have found the essential elements of the firearm specification were proven beyond a reasonable doubt. At the crime scene, Petitioner confessed to police he had a firearm, the gun was loaded, and Chief Blough was able to empty and secure the weapon without functional difficulty. Since the gun was identified by Chief Blough and admitted into evidence, the trial court judge was free to examine the weapon's appearance.

Petitioner has not established he was denied a fundamentally fair trial or that his federal due process rights were violated. Nor has he shown the state courts unreasonably applied the facts or its determinations were contrary to clearly established federal law.

### CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court find Petitioner's claim lacks merit and his Petition be dismissed.

s/James R. Knepp II<br>United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).